**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RICHARD LEE ALLEN, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | NO. CIV-05-0482-HE |
| ) | |
| 1983 CHIEF MEDICAL OFFICER, et al., ) | |
| ) | |
| Defendants. ) | |

**<u>ORDER</u>**

Plaintiff Richard Lee Allen, a state prisoner appearing pro se, instituted this § 1983 action alleging that his Eighth Amendment rights were violated when he was denied proper medical care while incarcerated at the Lawton Correctional Facility ("LCF"). Consistent with 28 U.S.C. §636(b)(1)(B), the matter was referred for initial proceedings to Magistrate Judge Bana Roberts, who has concluded the plaintiff failed to exhaust his claims as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), and Ross v. Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004).[1]  She recommends that the motion to dismiss filed by defendants Gregston and Fogle be granted and that the complaint be dismissed as to them. She also recommends that the unidentified remaining defendant – the 1998 Chief Medical Officer – be dismissed for the plaintiff's failure to effect service within the time constraints

---

[1] *In her Report and Recommendation, the magistrate judge notes that in his complaint the plaintiff implicitly acknowledges his failure to exhaust the administrative remedy process available to him at the Lawton Correctional Facility with respect to his claims. Report and Recommendation, pp. 7-8. See plaintiff's Response, Proposition I [Doc. #12]. While the court is not unsympathetic to the plaintiff's medical problems, it cannot ignore the mandatory exhaustion requirement established by Congress. The plaintiff states, in his motion requesting appointed counsel, that the DOC approved surgical treatment for him in December, 2005, but the surgery still has not occurred. As delay in its provision could be the basis of another § 1983 claim, the court assumes the DOC will ensure that the procedure is scheduled as soon as possible.*

set by Fed.R.Civ.P. 4(m). Even the medical officer were served, the magistrate judge concluded the plaintiff's claims against him would be subject to dismissal for lack of exhaustion and also would be barred because they are untimely. Therefore, she suggests the court deny the plaintiff's request, included in his response to the defendants' motion to dismiss (Proposition IV), that the Department of Corrections ("DOC") be compelled to identify the person serving as DOC medical director in 1998, so that person could be served.

Finally, Magistrate Judge Robert recommends the denial of the plaintiff's request to amend to add the present Director of the DOC, which request was included within his response to the defendants' motion to dismiss (Propositions III, IV). She concluded the proffered amendment would be futile due to the plaintiff's failure to allege the Director's personal participation in any alleged constitutional deprivation and to allege or demonstrate that any claims against the present Director have been exhausted.

The court concurs with the magistrate judge's thorough analysis of the plaintiff's claims.[2]   Accordingly, the court adopts Magistrate Judge Robert's Report and

---

[2] *The plaintiff asserts that the magistrate judge incorrectly stated that he did not file any grievances while incarcerated at LCF, referring the court to his Exhibit I. That Exhibit, a Grievance Report dated November 6, 2000, was not attached to either the complaint or the plaintiff's response to the defendants' motion to dismiss. See Motion to dismiss, p. 4 [Doc. #7]. Even if the court were to consider that new piece of evidence, cf. United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."), the plaintiff failed to submit the reviewing authority's response to that particular grievance, see Special Report [Doc. #6], Exhibit 12, Inmate/Offender Grievance Process, or describe its disposition with specificity. Nonetheless, if exhausted, the claim would be barred by the applicable two year statute of limitations. See Williams v. Shields, 2003 WL 22351957, at *1 (10th Cir. October 16, 2003) (Oklahoma two year statute of limitations for personal injury actions applies to § 1983 claims). The plaintiff's grievance was sent to the reviewing authority on November 6, 2000. Allowing even a year for the reviewing authority's response and a final appeal, and recognizing that the statute of limitations may be tolled while a prisoner completes the mandatory administrative remedy exhaustion process, Smith v. Ortiz, 2006 WL*

Recommendation, **GRANTS** the defendants' motion to dismiss [Doc. #7] and **DISMISSES** the action as to all defendants without prejudice to refiling.[3]  The plaintiff's request to compel the Department of Corrections ("DOC") to identify the person serving as DOC medical director in 1998 and the present director is **DENIED**, as is his request to amend to add the present Director of the DOC as a defendant.  Finally, due to the dismissal of the plaintiff's claims, the court **DENIES** the plaintiff's motion for the appointment of counsel [Doc.# 17].

**IT IS SO ORDERED**.

Dated this 9th day of May, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

620871, at *4 (10th Cir. March 14, 2006), the statute ran long before the plaintiff filed his complaint on November 15, 2004. (The unpublished appellate decisions are cited for persuasive value only under 10th Cir. R. 36.3(B).)

[3] The plaintiff states that the Tenth Circuit in <u>Mendoza v. Doe</u>, 2003 WL 22931409 (10th Cir. Dec. 12, 2003) held that the PLRA's exhaustion requirement does not apply to private prisons. However, the court held just the opposite. Id. at *1 ("On appeal, Mr. Mendoza argues the PLRA does not apply in his case-one against a private correctional facility. This contention is without merit.").